IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HARDIKKUMAR PATEL,

    Petitioner,

v.                                                                No. 1:25-cv-01261-KG-GBW

KRISTI NOEM, et al.,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Hardikkumar Patel's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Response, Doc. 5. Because Mr. Patel's challenge presents a purely legal question, the Court declines to hold a hearing. *See* 28 U.S.C. § 2243. For the reasons below, the Court finds that his detention violates the Immigration and Nationality Act ("INA") and orders a prompt bond hearing.

### I.    *Background*

Mr. Patel, an Indian citizen, entered the United States "[o]n or about August 30, 2022...unlawfully and without inspection." Doc. 5 at 1. On December 8, 2025, the Department of Homeland Security ("DHS") arrested Mr. Patel at a routine check-in appointment. Doc. 1 at 1–2. Mr. Patel remains detained at the Torrance County Processing Center in New Mexico. *Id*.

Mr. Patel argues that his "continued detention, without the possibility to request a bond hearing, inhibits him from working, from being near friends and family, and from being able to timely assist his counsel in his appeal." Doc. 1 at 4. He asserts that his detention under 8 U.S.C. § 1225(b) violates the INA and the Fifth Amendment's Due Process Clause. Doc. 1 at 17. He therefore seeks immediate release, or, in the alternative, a bond hearing. *Id.* at 18.

1

## II.     Legal Standard

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Zadvydas*, 533 U.S. at 687.

## III.    Analysis

For the reasons below, the Court finds that (A) § 1226 governs Mr. Patel's detention and therefore he is entitled to a bond hearing, and (B) the proper remedy is a bond hearing where the Government bears the burden of proof.

### A.     *Section 1226 governs Mr. Patel's detention.*

The INA establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States.  *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018).  Section 1225(b)(2)(A) applies to "applicant[s] for admission" who are "seeking admission" and "not clearly and beyond a doubt entitled to be admitted."  The "provision mandates detention and affords no bond hearing."  *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.) (Gonzales, J.).  By contrast, § 1226(a) authorizes the arrest and detention, "on a warrant issued by the Attorney General," of noncitizens "pending a decision on whether [they are] to be removed."  § 1226(a).  "Under federal regulations, noncitizens detained under this second detention regime are entitled to individualized bond hearings at the outset of detention."  *Pu Sacvin*, 2025 WL 3187432, at *1.

Consistent with most district courts to consider the issue and this Court's prior findings, the Court finds that § 1226 governs here.  *See Barco Mercado v. Francis*, 2025 WL 3295903, at *13 (S.D.N.Y.) (collecting 362 district-court opinions nationwide and noting that challengers

prevailed in at least 350 of them, in decisions by over 160 judges across about fifty courts); *Pu Sacvin*, 2025 WL 3187432 (Gonzales, J.); *Danierov v. Noem*, 2026 WL 45288, at *2 (D.N.M.) (Gonzales, J.). The Court begins with the plain text and structure of §§ 1225 and 1226. Section 1225(a)(1) defines an "applicant for admission" as a noncitizen "who has not been admitted or who arrives in the United States," while § 1225(b)(2)(A) applies only to those "seeking admission." The statute thus distinguishes between the broader category of "applicants for admission" and the narrower subset of noncitizens "seeking admission," who have not "effected an entry" into the United States. *DHS v. Thuraissigiam*, 591 U.S. 103, 140 (2020). Noncitizens who entered the country years earlier are not "seeking admission" and fall under § 1226. *Pu Sacvin*, 2025 WL 3187432, at *3.

Under this framework, § 1226 governs Mr. Patel's detention. Mr. Patel entered the United States in 2022 and has lived here since. Doc. 5 at 1. ICE arrested him four years after his initial entry and did not apprehend him at or near the border. Doc. 1 at 1–2. Accordingly, § 1225's mandatory detention provision "does not apply" because Mr. Patel "effected an entry" into the United States by living here for years. *Pu Sacvin*, 2025 WL 3187432, at *3.

### B.     *The remedy is a bond hearing where the Government bears the burden of proof.*

The proper habeas remedy is a prompt bond hearing at which the Government must prove, by clear and convincing evidence, that Mr. Patel is a flight risk or danger to the community. Although "under normal circumstances, the burden" at a § 1226 hearing "is on the noncitizen" to show that detention is unwarranted, Mr. Patel's "unlawful detention in violation of his rights shifts that burden to the Government." *Pu Sacvin*, 2025 WL 3187432, at *3. A noncitizen's "strong private interest in being free from civil detention" outweighs the Government's "comparatively minimal burden to justify custody." *Id.*

### IV.     Conclusion

Because Mr. Patel's detention violates the INA, he is entitled to relief, and the Court need not address his due process claim.  Doc. 1 at 17.

The Court orders the Government to provide Mr. Patel with a bond hearing under 8 U.S.C. § 1226(a) before an IJ within seven days of the date of this Order.  At that hearing, the Government must justify Mr. Patel's continued detention by clear and convincing evidence.  If the Government fails to provide a bond hearing within that timeframe, it must release Mr. Patel.

The Court further orders the Government to file a status report within ten days of this Order confirming that it has either provided Mr. Patel with a bond hearing or released him.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.